IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RENARDO ALEX TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-360-WHA-SMD |
| ) | [WO] |
| OFFICER AMMONS and ) | |
| NURSE MELISHA, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Renardo Alex Turner (Plaintiff) brings this action under 42 U.S.C. § 1983, challenging the conditions of his confinement while incarcerated at the Elmore County Jail. *Compl.* (Doc. 1) pp. 2–3. In May 2021, the undersigned entered an order that in part notified Plaintiff that he must notify the Court and Defendants of any change of his address within 10 days of any such change. *Order* (Doc. 4) p. 4. The undersigned cautioned Plaintiff that failure to comply would result in a recommendation that this case be dismissed. *Id.*

After learning that Plaintiff no longer resides in the Elmore County Jail, the undersigned ordered Plaintiff to show cause why he failed to provide his updated address to the Court and ordered Plaintiff to inform the Court whether he wished to proceed with this case. *Order* (Doc. 12) p. 1. To date, Plaintiff has neither provided his updated address to the Court nor informed the Court whether he wishes to proceed in this case.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this case, the undersigned finds that Plaintiff has willfully failed to provide his updated address to the Court and inform the Court whether he wishes to proceed in this case. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this recommendation on or before **August 13, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 30th day of July, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE